Gamma Law, P.C.
Duy Thai, SBN 157345
Email: dthai@gammalaw.com
Kenneth J. MacArthur, SBN 175906
Email: kmacarthur@gammalaw.com
One Sansome Street, Suite 3500
San Francisco, California 94104
Tel.: 415.296.9927
Fax: 415.901.0512

Attorneys for Applicant
Sega Corporation

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Ex Parte* Application of <br><br> Sega Corporation, <br><br><br> Applicant. <br><br><br> . | Case No.: <br><br> **DECLARATION OF RIKIYA SATO IN SUPPORT OF APPLICANT'S *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |

I, Rikiya Sato, as follows:

1. I am a Japan qualified attorney (*bengoshi* in Japanese), registered to practice law in Japan, and I am an attorney at TMI Associates which is located at Roppongi Hills Mori Tower, 23rd floor, 6-10-1, Roppongi, Minato-ku, Tokyo 106-6123, Japan. In Japan, I represent Sega Corporation ("Sega" or "Applicant"), which is a Japanese game and entertainment corporation.

2. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

3. In preparing this declaration, I have reviewed the evidence that is being submitted concurrently herewith, and my opinion below is based upon those documents or facts that I have been made aware of.

4. I submit this declaration in support of the Ex Parte Application by Sega Corporation for an Order Pursuant to 28 U.S.C. § 1782 Authorizing Discovery for Use in Foreign Proceedings (hereinafter "Application"). The Application is for an Order authorizing a subpoenas to AT&T Corp. and Apple Inc. for information about the identity of the anonymous person (the "Anonymous Individual") who posted two images on X with respect to a game ("Persona 5 Tactica") that was under development by Sega at the time. As described in the concurrently filed declaration of Takemi Suzuki, one image was an unauthorized leak of internal material, and the other was an unauthorized posting of what was either another unauthorized leak, or a clip from promotional materials. Both images were and are protected by copyright, and were posted without authorization, in violation of Japanese copyright law.

Declaration of Rikiya Sato

5.     I was consulted by and advised Sega about: (a) filing a civil lawsuits in Japan against the Anonymous Individual; and (b) discovering the true identity of the Anonymous Individual in order to be able to file that civil lawsuit.

6.     I worked with Sega to make an application in Tokyo district court, to obtain a Court order to X for disclosure of identifying information about the X account used by the Anonymous Individual to post the infringing material.

7.     In that regard, attached hereto as Exhibits are true and correct copies of the following:

Exhibit A     Sega's Petition to the Court, which includes the two subject images.

Exhibit B     A Statement by Atushi Nomura referring to the two subject images in the Petition, and addressing the creation and ownership of those two posted images (this Statement is also Exhibit A to the concurrently filed Declaration of Fukuko Kitano ("Kitano Declaration").

Exhibit C     A translation of the first two pages of Atushi Nomura's Statement. (The translation is a subject of, and Exhibit B to, the Kitano Declaration).

8.     Atushi Nomura's Statement uses the term "setting material" with respect to the first image ("First Image") shown in Sega's Petition (Ex. A hereto). In the context of game development, "setting material" is an umbrella term that refers to the developer's official guides for the material in a game, such as character designs, concept art, style guides, model sheets, and color samples. The Petition (and the Statement) used the term

Declaration of Rikiya Sato

"setting material" to refer to the setting material for the characters from "Persona 5 Tactica" that is shown in the First Image.

9.     Attached hereto as Exhibit D is a true and correct copy of the order of the Tokyo district court, directing X to disclosure identifying information about the account of the poster, and showing the First Image, and the second image at issue ("Second Image").

10.     Attached hereto as Exhibit E (and also attached to the Kitano Declaration as Exhibit C) is a true and correct copy of the information produced by X in response to the Court Order. That information shows the following about the account through with the images were posted, including an email address and the internet protocol ("IP") address used by the Anonymous Individual:

> gallop_octagon0l@icloud.com

> "ipAudit" : {
>         "accountId" : "1579665173610201090",
>         "createdAt" : "2023-09-05T14:00:38.000Z",
>         "loginIp" : "108.232.86.102"

11.     Attached hereto as Exhibit F is a true and correct copy of Exhibit D to the Kitano Declaration, which that declaration states is an exhibit that contains the Japanese text from Exhibit C to the Kitano Declaration (i.e., Exhibit D hereto; the information from X about the subject account), along with a "true and correct translation of that Japanese test to English." The Japanese text from the information produced by X about the account, and English translation provided by the Kitano Declaration, is as follows:

> ユーザー名 username
> @MbKKssTBhz5

> 電話番号     Phone number
> 保有せず     not in possession

Declaration of Rikiya Sato

電子メールアドレス　　　E-Mail Address
gallop_octagon0l@icloud.com

ログイン時 IP アドレス　IP address at login
  "ipAudit" : {
    "accountId" : "1579665173610201090",
    "createdAt" : "2023-09-05T14:00:38.000Z",
    "loginIp" : "108.232.86.102",

※決定に記載のツイートは２個ありますが、いずれのツイートについても時間的に最も近接した情報は上記のものになります。
The decision refers to two tweets, but the most recent information regarding either tweet will be as stated above.

※時刻の表示は UTC 表示になります。
Time is displayed in UTC.

12.    Attached hereto as Exhibit G is a true and correct copy of an ARIN Whois/RDAP report that resulted from an online search of the database for the American Registry for Internet Numbers. The report shows that the login IP address identified by X above ("108.232.86.102") is part of network NET-108-192-0-0-1, which is registered to "ATT-Internet Services."  I am informed and believe that "ATT-Internet Services" is a service of AT&T Corp.

13.    I am informed and believe that "icloud.com" is owned and operated by Apple Inc. ("Apple"). Based upon Business Search results on the California Secretary of State's website, Apple is a California corporation with its principal office located at One Apple Parkway, Cupertino, CA 95014; attached as Exhibit H is a true and correct copy of a screenshot of the first page of the online Business Search results for Apple.

14.    I am informed and believe that AT&T Corp. has offices and stores in the Northern District of California, and that AT&T Corp. conducts systematic and continuous local activities in the Northern District of California, including, but not

Declaration of Rikiya Sato

limited to, offering and providing telephone and internet services to those in the Northern District.

15.     Sega has informed me that it would like to and intends to file a civil lawsuit in Japan against the Anonymous Individual, once the Anonymous Individual is identified, seeking damages for copyright infringement pursuant to Article 709 of the Civil Code of Japan, injunctive relief pursuant to Article 112(1) of the Copyright Act of Japan, and damages and injunctive relief pursuant to Articles 3(1) and 4 of the Unfair Competition Prevention Act of Japan.

16.     In that regard, Article 709 of the Civil Code (Compensation for Damages in Tort) provides: "A person that has intentionally or negligently infringed the rights or legally protected interests of another person is liable to compensate for damage resulting in consequence."

17.     Article 112(1) of the Copyright Act of Japan (Right to Demand Injunction) provides: "The author, copyright owner, owner of print rights, performer, or owner of neighboring rights, may file a claim against a person who is infringing or who is likely to infringe the moral rights of the author, the copyright, the print rights, the moral rights of the performer, or the neighboring rights, for the cessation or prevention of such infringement."

18.     Article 3(1) of the Unfair Competition Prevention Act provides: "A person whose business interests have been infringed or are likely to be infringed by unfair competition may seek an injunction suspending or preventing the infringement against the person that infringed or is likely to infringe such business interests."

Declaration of Rikiya Sato

19.     Article 4 of the Unfair Competition Prevention Act provides: "A person who intentionally or negligently infringes on the business interests of another person by unfair competition shall be liable for damages resulting therefrom. However, this Article shall not apply to damages resulting from the use of a trade secret after the rights prescribed in Article 15 have extinguished pursuant to the said Article."

20.     Based upon my experience as a lawyer qualified to practice law in Japan, the Applicant will be able to make out a prima facie civil case against the Anonymous Individual because the conduct described above as to the two images violated Article 709 of the Civil Code, is a basis for injunctive relief under Article 112(1) of the Copyright Act, and is a basis for damages and injunctive relief under the Unfair Competition Prevention Act, and therefore, the civil lawsuit that will be filed upon discovering the true identity of the Anonymous Individual will withstand a motion to dismiss in a civil court of Japan.

21.     No statute of limitation or other limitation in time to commence an action will prevent the Applicant from filing the civil lawsuit against the Anonymous Individual.

22.     However, in order to file a civil lawsuit in Japan, the true identity of a defendant is necessary, because Japanese law does not allow for lawsuits to be filed against anonymous persons. As such, the Applicant is unable to file the civil lawsuit, because the true identity of the Anonymous Individual is unknown.

23.     The Applicant is therefore seeking personal identifying information (hereinafter "PII") for the Anonymous Individual through the discovery sought by the

7

Declaration of Rikiya Sato

Application in order to identify the true identity of the Anonymous Individuals to file the civil lawsuits against the Anonymous Individuals.

24.     Apple and AT&T are not, and will not be, a party or participant to the anticipated civil lawsuits in Japan described above, and I am informed and believe that the information or documents sought through discovery are held by them in the United States, and therefore, the information or documents sought through discovery are outside the reach of a court of Japan's jurisdiction.

25.     Based upon my experience as a lawyer qualified to practice law in Japan, I am not aware of any restrictions imposed by or any policies under the laws of Japan limiting U.S. federal court judicial assistance for the purposes herein and in the Application.

26.     Based upon my experience as a lawyer qualified to practice law in Japan, courts of Japan are receptive to assistance in discovery by U.S. federal courts, including for discovery of PII of individuals publishing anonymously online.

27.     The Applicant is not attempting to circumvent any foreign proof-gathering restrictions or other policies of Japan or the United States.

28.     Applicant seeks the PII (names, addresses, email addresses, telephone numbers, and payment information), but not credit card numbers, expiration dates or validation codes) ever registered with the email accounts.  The is necessary, because based upon my experience as a lawyer qualified to practice law in Japan, a Anonymous Individual may have not planned to engage in unlawful activity against an Applicant until a time close to when the Anonymous Individual engaged in the events at issue, and as such, it is quite possible that the Anonymous Individual may have used their true identity

Declaration of Rikiya Sato

until a time close to when the Anonymous Individual engaged in the unlawful activity.

Additionally, recent PII is also relevant and necessary, because the Anonymous

Individual may have not changed PII that is not displayed publicly.

29.    Based upon my experience, where an online account is used for a

legitimate purpose, PII is only changed occasionally, and because this information is

stored by Apple and AT&T Corp. in the ordinary course of its business, the burden

placed upon each of them in disclosing this information is minimal.

30.    The discovery of PII requested is not unduly intrusive, because the request

is narrowly tailored to discover the true identity of the Anonymous Individual, and is not

seeking other information.

31.    Additionally, Applicant seeks to obtain recent access logs for the accounts

of the Anonymous Individual. I am informed and believe that the following is the reason

why access log (dates, times, IP addresses, and port numbers) of the Accounts

(hereinafter the "Recent Access Log") is necessary, in addition to the PII, to identify the

Anonymous Individual:

        a.    In many cases, an Online Service Provider does not have accurate PII

            that is sufficient to identify the true identity of the tortfeasor because

            the Online Service Provider does not always require a user to record

            his or her true name, address, e-mail address, telephone number, or

            any other PII.

        b.    Where the tortfeasor created the email account to engage in unlawful

            activities, because the PII disclosure is voluntary and by the tortfeasor,

9

Declaration of Rikiya Sato

most of the information obtained about the email account may be
fictitious.

c. As described below, an alternate path to identifying anonymous users
is with a Remote Access Log.

d. When the tortfeasor, the Anonymous Individual in this case, accesses
the internet to access their email, the tortfeasor's electronic device
(e.g., their laptop or smartphone) initially communicates with an
Internet Service Provider ("ISP"). ISPs are the entities that provide
internet access services to users.  Examples of ISPs in the United
States are AT&T and Verizon.

e. Subsequently, the ISP communicates with the company providing
online services (hereinafter the "Online Service Provider"), and the
tortfeasor is thereby able to access their email account.

f. In each communication, information such as an IP address, a port
number, and a time stamp (the time when the specific communication
occurred), may have been recorded, which records are commonly
known as an "access log."

g. The ISP assigns an IP address and a port number to the user when
providing the user with internet access.  An ISP is able to identify the
user using the information in an access log because it has a record of to
whom it assigned a certain IP address and port number at a certain
time.

10

Declaration of Rikiya Sato

h.  ISPs may assign a different IP address and port number every time that a user accesses the internet, and therefore, the time and date that a person was accessing the internet using the specific IP address and port number is necessary.

i.  In layman terms, an IP address is the street address of the user, while the port number is the room number.

j.  Initially, a victim of an unlawful act on the internet, such as the Applicant, does not know the ISP of the user/tortfeasor, and therefore, the victim needs for the Online Service Provider to disclose the access log in its possession.

k.  By obtaining the IP address from the Online Service Provider, the victim is then able to identify the ISP used by the tortfeasor, because the IP addresses owned by an ISP are publicly available information.

l.  The victim can then provide the access log from the Online Service Provider (the IP address, the port number, and timestamp) to the ISP, and request identifying information such as the name and address of the tortfeasor from the ISP tortfeasor in order to file a civil lawsuit against the tortfeasor.

m.  In order for the Applicant to identify the Anonymous Individual through an ISP, both the IP address and a corresponding port number and timestamp is necessary.

n.  Without a corresponding timestamp, a court of Japan will not order an ISP in Japan to disclose information, and an ISP in Japan will be

11

Declaration of Rikiya Sato

unable to pin-point the tortfeasor that was using the IP address at a
certain point-in-time.

o.  Additionally, where the port number is not disclosed, certain ISPs will
be unable to pin-point the tortfeasor that was using the IP address even
with a timestamp.

p.  The port number is only used in conjunction with an IP address to
identify the ISP of the tortfeasor and is used by an ISP to pin-point
who was using a certain IP address and a certain port number on a
specific date and time, and therefore, a port number does not intrude
upon a person's privacy.

q.  The timestamp only shows when a person accessed their online
account using a specific IP address and port number, does not disclose
what the person was doing using their online account, and therefore,
discovery of a timestamp only minimally intrudes upon a person's
privacy, and the evidentiary value of a timestamp in allowing the
victim to identify the tortfeasor far outweighs any privacy issues.

r.  The destination IP address is the IP address of a website. Because of
the enormous volume of traffic that certain websites receive, some
websites are maintained on several IP addresses. Some ISPs in Japan
state that they cannot pinpoint the tortfeasor without the destination IP
address (in addition to the IP address, port number, and timestamp),
and therefore, if the Online Service Provider maintains the destination
IP address, this may be critical in identifying the tortfeasor.

Declaration of Rikiya Sato

s. Since the destination IP address is simply the IP address of a website such as gmail.com, msn.com or paypal.com, disclosure of this information by the Online Service Provider does not intrude upon a person's privacy.

t. If an Online Service Provider keeps a complete access log indefinitely, a victim can more readily identify the tortfeasor. However, in practice, sufficient access log is not available because (i) the Online Service Provider does not record a complete access log for all communications, (ii) the Online Service Provider only keeps the access log for a short period of time (usually for three to six months); and (iii) a tortfeasor can use special anonymization computer programs to prevent the victim from identifying the tortfeasor through the use of the access log.

u. Because the access logs are often deleted by Online Service Providers after several months, a recent access log is critical.

v. While a tortfeasor may be accessing the internet and the Online Service Provider using an anonymization computer program at times, they may have the program off at other times.

w. For the foregoing reasons, a recent access log for a reasonable period of time is necessary because (i) the Online Service Provider may have not recorded a complete access log if discovery is limited to a short period of time, (ii) older access logs have likely been deleted, and (iii)

13

1        there is a possibility that the tortfeasor may have had his or her

2        anonymization computer program turned off.

3      x.  If discovery is allowed only for a short period of time, and/or only for

4        older access logs, it would be less likely that the victim will be able to

5        obtain information sufficient to identify the true identity of the

6        tortfeasor.

7

8      y.  Therefore, for the foregoing reasons, it is reasonable to allow

9        discovery of recent access log, and to not limit discovery to the period

10       at or about the time that the unlawful statement was published.

11     32.    Based upon the foregoing, the information and documents sought from

12  Apple and AT&T Corp. is highly relevant and crucial to the Applicant's anticipated civil

13  lawsuits in Japan and is narrowly tailored and limited to the discovery of information

14  necessary to identify the true identity of the Anonymous Individual against whom the

15  civil lawsuit will be filed.

16

17     I declare under penalty of perjury under the laws of the United States of America

18  that the foregoing is true and correct, and that this declaration was executed on May 22,

19  2024.

20

21                     Rikiya Sato

22

23

24

25

26

27

28

14

Declaration of Rikiya Sato

# Exhibit A

# 発信者情報開示命令等申立書

令和５年８月３１日

東京地方裁判所　御中

申立人手続代理人弁護士　　佐　藤　力　哉　

同　　　　　　呉　竹　　辰　

同　　　　　　佐　藤　　寛　

発信者情報開示命令申立事件

提供命令申立事件

消去禁止命令申立事件



当事者の表示　　　　　　　別紙当事者目録に記載

手続規則２条に係る事件　　なし

令和５年８月３１日午後５時00分から
令和５年９月１日午前８時30分まで
の間に投函

## 申立ての趣旨

### 1　発信者情報開示命令申立事件

　　相手方は、申立人に対し、別紙発信者情報目録記載の各情報を開示せよ
との裁判を求める。

2　提供命令申立事件

別紙主文目録記載の裁判を求める。


3　消去禁止命令申立事件

相手方は、第1項の申立てに係る発信者情報開示命令申立事件（当該申立てについての決定（当該申立てを不適法として却下する決定を除く。）に対して異議の訴えが提起されたときは、その訴訟）が終了するまでの間、別紙発信者情報目録記載の情報を消去してはならない

との裁判を求める。



申立ての原因


第1　発信者情報開示命令の申立ての原因

1　当事者

（1）申立人

申立人は、東京都に所在する家庭用ゲーム機、ＰＣ、スマートデバイスに向けたゲーム、アーケードゲーム、プライズやデジタルサービスの企画・開発・販売・運営等を行う法人である（甲1）。

（2）相手方

相手方は、アメリカ合衆国ネバダ州に本店を有し、インターネット上のウェブサイトである短文投稿サイト「ツイッター」（https://twitter.com/。以下「ツイッター」という。）[1]を管理運営している（甲2、甲3）。

---

[1] ツイッターは、ツイッター社がX corp.に買収されたことを契機として、アプリ名が「Twitter」から「X」に変更されたものの、上記のツイッター利用者契約においては、サービス名について「Twitterサービス」と記載されていることから、「X」ではなく、「ツイッター」と表記する。

2　侵害情報が発信されたこと

　　ツイッターにおいて、氏名不詳者（以下、当該氏名不詳者を「**本件発信者**」という。）により「みどり」というアカウント名で「@MbKKssTBhz5」というスクリーンネームのアカウント(以下「**本件アカウント**」という。）（甲４）で、別紙投稿記事目録記載投稿１及び２（以下、それぞれ「**本件投稿１**」(本件投稿１に添付された画像を「**本件画像１**」という。）、「**本件投稿２**」(本件投稿２に添付された画像を「**本件画像２**」という。）といい、併せて「**本件各投稿**」という。)がなされ、インターネットを通じて不特定人に広く公開された(甲５の１、甲５の２)。

3　発信者情報開示請求の要件

　　発信者情報開示請求は、「特定電気通信による情報の流通によって自己の権利を侵害されたとする者」が、次の要件のいずれも（特定発信者情報以外の発信者情報については、①及び②のみ）満たす場合に、「開示関係役務提供者」(特定電気通信役務提供者の損害賠償責任の制限及び発信者情報の開示に関する法律（以下「法」という。）２条７号）に対して行うことができる（法５条１項柱書）。

　　　①　侵害情報の流通によって当該開示の請求をする者の権利が侵害されたことが明らかであるとき（同項１号）

　　　②　当該発信者情報が当該開示の請求をする者の損害賠償請求権の行使のために必要である場合その他当該発信者情報の開示を受けるべき正当な理由があるとき（同項２号）

　　　③　法５条１項３号イないしロのいずれか

3

4　相手方の「開示関係役務提供者」該当性（法5条1項柱書）

　　ツイッターは、インターネットに接続する環境を有する者であれば、誰もが閲覧をすることが可能である。投稿された情報は、電気通信によって送信され、本件各投稿にアクセスする不特定人によって受信される。そのため、本件各投稿は、「特定電気通信」（法2条1号）に当たる。

　　また、相手方が管理運営するツイッターに用いられるウェブサーバ等の電気通信設備一式は、「特定電気通信設備」（同条2号）に該当する。

　　さらに、相手方は、これらの特定電気通信設備を用いて本件発信者と本件各投稿にアクセスして情報を受信する者との通信を媒介し、又はそれら特定電気通信設備を他人の通信の用に供する者であるから「特定電気通信役務提供者」（同条3号）に当たる。

　　したがって、相手方は、「開示関係役務提供者」（同条7号）に該当する。


5　権利侵害が明白であること（法5条1項1号）

　　本件各投稿は、別紙権利侵害の説明記載のとおり、いずれも申立人が保有する著作権のうち、複製権（著作権法21条）及び公衆送信権（同法23条1項）を明白に侵害している（甲5の1、甲5の2）。


6　開示を受けるべき正当な理由（法5条1項2号）

　　申立人は、本件発信者に対して、申立人の複製権、公衆送信権が侵害されたことを理由に、民法709条に基づく損害賠償請求、著作権法112条1項に基づく差止請求等を行う予定であるが、本件各投稿の発信者に関する情報を把握していない。そのため、申立人が上記損害賠償請求及び差止請求権に係る権利を行使するためには、相手方が保有する本件各投稿に係る発信者情報の開示を受ける必要がある。

7　法5条1項3号該当性

　　相手方は、本件発信者の氏名（特定電気通信役務提供者の損害賠償責任の制限及び発信者情報の開示に関する法律施行規則（以下「施行規則」という。）2条1号）を保有しておらず、特定発信者情報（法5条1項柱書、施行規則2条9号、13号）以外には、多くとも電話番号（同条3号）、メールアドレス（同条4号）、投稿日時（同条8号）の情報しか保有していないため（甲11）、法5条1項3号を充足する（法5条1項3号ロ、施行規則4条）。


8　別紙発信者情報目録記載の各情報の「発信者情報」該当性
（1）別紙発信者情報目録1記載の情報が発信者情報に当たること

　　　ツイッターを利用してツイートを行う（記事を投稿する）ためには、必ず、ツイートを行う前に、電話番号又は電子メールアドレスを登録した上でツイッターのアカウントを作成し、これにログインすることが必要となる。

　　　この本件発信者の相手方に対するアカウント作成指示に係る電気通信による送信は、施行規則5条1号に定める侵害関連通信に当たる。したがって、本件発信者が本件アカウントを作成する際に登録し、相手方が保有する本件アカウントに紐づく電話番号は、「発信者の…電話番号」（施行規則2条3号）に当たり、メールアドレスは、「発信者の…電子メールアドレス」（同4号）に当たる。

　　　したがって、別紙発信者情報目録1記載の情報は、発信者情報に当たる。


（2）別紙発信者情報目録2記載の情報が特定発信者情報に当たること

　　　相手方は、ツイートを行う際の通信に割り当てられたIPアドレス等の情報を保有していないが、ツイッターアカウントにログインする際の通信に割り当てられたIPアドレス等の情報を保有している。

　　　上記（1）のとおり、このログインは、ツイートを行い得る状態にするた

めに必要なものであり、かつ、アカウント登録者としての本人確認のために
ＩＤとパスワードを送信するものであることから、本件各投稿と最も時間的
に近接する時間に行われたログインは、施行規則５条２号の侵害関連通信に
該当する。

　別紙発信者情報目録２記載の情報は、当該ログイン時ＩＰアドレス及び当
該ＩＰアドレスを割り当てられた電気通信設備から相手方の用いる特定電
気通信設備に当該ログイン情報が送信された年月日及び時刻（タイムスタン
プ）であるため、特定発信者情報（法５条１項柱書、施行規則２条９号、１
３号）に該当する。


9　小括

　以上より、申立人は、相手方に対し、本件各投稿に関する発信者情報につい
て、法５条１項に基づく発信者情報開示請求権を有している。


第2　提供命令の申立ての原因

1　接続プロバイダの通信記録

　投稿者を特定するには、別紙発信者情報目録２記載の各情報では足りず、接
続プロバイダに対する発信者情報開示請求が必要となる。

　ところが、接続プロバイダの通信記録の保存期間は、多くは３～６か月程度
である。


2　提供命令の必要

　そのため、「発信者情報開示命令の申立てに係る侵害情報の発信者を特定す
ることができなくなることを防止するため」（法１５条１項）、早期に接続プロ
バイダの名称等につき提供を受ける必要がある。

第3　消去禁止命令の申立ての原因

　　現段階では、相手方が別紙発信者情報目録記載の情報を任意に保存するか否かは明らかではなく、上記第1の開示命令の発令を待っていては、相手方におけるアクセスログの保存期間を徒過し、投稿者を特定することができなくなるおそれがある。

　　したがって、申立人は、法16条1項に基づき、相手方に対する別紙発信者情報目録記載の情報の消去禁止命令を求める。

第4　結語

　　よって、申立人は、相手方に対し、申立ての趣旨第1項記載のとおりの発信者情報開示命令、申立ての趣旨第2項記載のとおりの提供命令及び申立ての趣旨第3項記載のとおりの消去禁止命令をそれぞれ申し立てる。

第5　関連事実

　　別紙権利侵害の説明記載のとおり、本件各投稿については、本申立て時点においても公表されていない内部的な設定資料のリークを伴うものであり、本件発信者による行為はいずれも極めて悪質であるほか、申立人の関係者が関与している可能性がある。本件発信者において、これ以上の内部情報のリークにより、申立人にさらなる甚大な被害を与える可能性が否定できず、厳正に対処するため、可及的速やかに別紙発信者情報目録記載の情報開示を求める次第である。

以上


証拠方法


証拠説明書記載のとおり

添付書類

| | | |
|---|---|---|
| 1 | 申立書の写し | 1通 |
| 2 | 甲号証写し | 各1通 |
| 3 | 相手方資格証明書 | 1通 |
| 4 | 証拠説明書 | 1通 |
| 5 | 委任状 | 1通 |

別紙

当事者目録

〒１４１−００３３　東京都品川区西品川一丁目１−１　住友不動産大崎ガーデンタ
　　　　　　　　　ワー

　　　　　　　　　　申　　　　立　　　　人　　　株式会社セガ
　　　　　　　　　上記代表者代表取締役　杉野　行雄

〒１０６−６１２３　東京都港区六本木六丁目１０番１号
　　　　　　　　　六本木ヒルズ森タワー２３階
　　　　　　　　　ＴＭＩ総合法律事務所（送達場所）
　　　　　　　　　電　話　０３−６４３８−５５１１
　　　　　　　　　ＦＡＸ　０３−６４３８−５５２２
　　　　　　　　　上記申立人手続代理人弁護士　　佐　藤　力　哉
　　　　　　　　　　　　　同　　　　　　　　　　呉　竹　　辰
　　　　　　　　　　　　　同　　　　　　　　　　佐　藤　　寛

アメリカ合衆国８９７０１、ネバダ州、カーソン・シティ、サウス・カーソン・ス
トリート７０１、ＳＴＥ２００

　　　　　　　　　　相　　　　手　　　　方　　　Ｘ　Ｃｏｒｐ.
　　　　　　　　　代表者（日本における代表者）　　多　田　光　毅

〒１００−６００４　東京都千代田区霞が関三丁目２番５号
　　　　　　　　　霞が関ビル４階
　　　　　　　　　隼あすか法律事務所（送付先）

別紙

主文目録

1　相手方は、申立人に対し、次のイ又はロに掲げる場合の区分に応じ、当該イ又はロに定める事項を書面又は電磁的方法により提供せよ。

　　イ　相手方が、別紙発信者情報目録第2項記載の各情報のうち、相手方が保有するものにより、別紙投稿記事目録記載の情報に係る他の開示関係役務提供者（当該情報の発信者であると認められるものを除く。以下同じ。）の氏名又は名称及び住所（以下「他の開示関係役務提供者の氏名等情報」という。）の特定をすることができる場合‥‥‥‥‥‥‥‥当該他の開示関係役務提供者の氏名等情報

　　ロ　相手方が、別紙発信者情報目録第2項記載の情報（タイムスタンプを除く）を保有していない場合又は保有する当該情報により上記イに規定する特定をすることができない場合‥‥‥‥‥‥‥‥‥‥‥‥‥‥‥‥‥‥‥‥‥‥‥‥‥その旨

2　相手方が、前項の命令により他の開示関係役務提供者の氏名等情報の提供を受けた申立人から、申立人が当該他の開示関係役務提供者に対して別紙投稿記事目録記載の情報についての発信者情報開示命令の申立てをした旨の書面又は電磁的方法による通知を受けたときは、相手方は、当該他の開示関係役務提供者に対し、別紙発信者情報目録第2項記載の各情報のうち相手方が保有するものを書面又は電磁的方法により提供せよ。

別紙

発信者情報目録

1　アカウント情報

　　スクリーンネーム「@MbKKssTBhz5」のアカウントに関する以下の各情報

　　（１）電話番号

　　（２）電子メールアドレス

2　侵害関連通信に関する情報

　　　上記スクリーンネームのアカウントにログインするために行った識別符号その他の符号の電気通信による送信であって、相手方が保有するもののうち別紙投稿記事目録記載投稿１及び２の各投稿と最も時間的に近接するものに係るＩＰアドレス及びタイムスタンプ

別紙

投稿記事目録

1 投稿日時：２０２３年６月２１日　午後１１時３８分

　投稿内容：「Here is your look at Akechi and Kasumi. They'll be in Per

　　　　　　sona 5 Tactica as DLC in "Repaint Your Heart." #p5t」

　　　　　　※本件画像１が添付されている。

スクリーンショット：



閲覧用ＵＲＬ：https://twitter.com/mbkksstbhz5/status/16715280400509624

34?s=46&t=tYn6ufaSK5hI9doxG6oWnQ

2　投稿日時：２０２３年８月４日午後０時５６分

　　投稿内容：「Now confirmed by Atlus in the PV#02.」

　　　　　　　※本件画像２が添付されている。

　　スクリーンショット：



　　閲覧用ＵＲＬ：https://twitter.com/mbkksstbhz5/status/1687311552397860865?s=12&t=HYEjJxYJepighJHGtOoOQw

別紙

権利侵害の説明

## 1　本件各投稿による権利侵害が明白であること

（１）本件ゲームソフトについて

　　　本件各投稿においては、いずれも株式会社アトラス（以下「アトラス社」という。）が制作し、２０２３年１１月１７日より申立人が販売を予定する「ペルソナ５　タクティカ」（以下「本件ゲームソフト」という。）に関する著作物の著作権が侵害されている。

　　　本件ゲームソフトは、１９９６年９月２０日に発売された「女神異聞録ペルソナ」をはじめ、アトラス社が制作するペルソナシリーズの最新作である。本件ゲームソフトについても、そのキャラクターデザイン、ストーリー、ゲーム内の映像やプログラムを含め、アトラス社の発意に基づき、同社の従業員が職務上制作し、アトラス社の名義の下に公表し、又は公表される予定の著作物である。これは、本件ゲームソフトの公式ウェブサイトにおいて、アトラス社のロゴが表示されていることからも明らかである（甲６公式サイト[2]、甲７アトラス社サイト[3]）。そのため、本件ゲームソフトに関する著作者はアトラス社である（著作権法１５条１項）。

　　　申立人は、アトラス社から本件ゲームソフト及びその開発過程で得られた成果について、全て譲渡を受けており（甲８、甲９）、申立人が本件ゲームソフトに関する著作権を有する。なお、甲９個別契約書については、クラウドサインにより適切な電子署名がなされている（個別契約において、報酬などの機密性が極めて高い部分は、黒塗りとしている。）。

---

[2] https://p5t.jp/
[3] https://www.atlus.co.jp/company/

（２）本件投稿１

　　本件投稿１には、本件画像１が添付されているところ、本件画像１の元と
なった画像は、本件ゲームソフトに追加課金することで得られる追加キャラ
クター（いわゆるダウンロードコンテンツ）の設定資料（甲１０。以下「本
件設定資料」という。）である。

　　本件設定資料は、著作物（著作権法２条１項１号）であることは明らかで
あり、本件ゲームソフトの開発過程で作成されたものであるから、上記のと
おり、申立人にその著作権が帰属する。なお、本件設定資料は、本申立て時
点においても、アトラス社又は申立人において正式に公表されていない画像
である。

　　本件設定資料と本件画像１が同一性を有し、本件画像１を添付した上で、
ツイッターで本件投稿１を行う行為は、本件設定資料に関する複製権及び公
衆送信権を侵害していることは明らかである。


（３）本件投稿２

　　本件投稿２には、本件画像２が添付されているところ、本件画像２は、ア
トラス社が販売する本件ゲームソフト内の映像をそのまま切り取ったもの
である。

　　上記と同様、本件ゲームソフトの著作権は、申立人に譲渡されているため、
本件画像２を添付した上で、ツイッターで本件投稿２を行う行為は、本件ゲ
ームソフトに関する複製権及び公衆送信権を侵害していることは明らかで
ある。


２　違法性阻却事由の不存在が明らかであること

　　申立人は、本件画像１及び２の利用について、本件発信者に対し、何ら許諾
を与えた事実はない。本件投稿１については、未公表である本件設定資料のリ

15

ークであり、本件投稿2については、発売前のゲームソフト内の映像を無断で切り取る行為を前提としているため、かかる行為を申立人において許諾しないことは自明である。

また、本件投稿1及び2は、いずれの権利制限規定にも該当しない行為である。

したがって、違法性阻却事由の不存在は明らかである。

3　結論

よって、本件各投稿により申立人が保有する著作権のうち、複製権及び公衆送信権が侵害されたことは明らかであるから、本件各投稿による権利侵害の明白性が認められることは明らかである。

以上

# Exhibit B

甲第12号証

陳　述　書

令和５年１０月１２日

住所：東京都千代区神田錦町2-1-5 マストライフ神田錦町805
所属・役職：株式会社アトラス コンシューマソフトウェア局
　　　　　　クリエイティブ部 第二プロダクション
氏名：
野村 敦工

1　はじめに

　私は、株式会社アトラスの従業員であり、「ペルソナ５　タクティカ」（以下「本件ゲームソフト」といいます。）のプロデューサー（本件ゲームソフト開発の責任者）です。株式会社セガがＸ　Ｃｏｒｐ．社を相手方として提出した令和５年８月３１日付け発信者情報開示命令申立書、及び同日付け発信者情報開示命令等申立書（以下「本件各申立書」といいます。）における本件投稿１及び本件投稿２について、以下のとおり偽りなく陳述いたします。

2　本件投稿１について

　本件各申立書記載の本件設定資料（疎甲第１０号証及び甲第１０号証）は、本件ゲームソフトの開発に当たって作成されたダウンロードコンテンツ（ゲーム本体とは別に販売する追加コンテンツ）に関する設定資料であり、私が令和５年４月～５月頃に作成したものに間違いございません。

　そして、本件設定資料は、本件ゲームソフトの開発にあたり、株式会社アトラスの発意に基づき、私が職務上作成した著作物となりますが、私が押印した別紙

1

1「職務遂行に伴う誓約書」に記載されているところにしたがって、私が会社に在職中に為した私の職務に関する著作の著作権者は株式会社アトラスになります。

　その後、株式会社アトラスに帰属した本件設定資料に関する著作権は、同社と株式会社セガとの間で締結された平成２６年４月１日付け業務委託基本契約書（疎甲第８号証及び甲第８号証）及び令和４年５月３１日付個別契約書（疎甲第９号証及び甲第９号証）に基づき、株式会社セガに移転しており、現在の本件設定資料の著作権者は株式会社セガであると認識しております。


3　本件投稿２について

　別紙２は、本件ゲームソフトにダウンロードコンテンツを追加した場合に、本件ゲームソフトの起動時に、本件各申立書記載の本件画像２が表示されるまでの流れを示したものです。そして、別紙２のとおり、本件画像２が本件ゲームソフトに含まれる映像の一画面として登場することが分かります。

　そのため、本件投稿２に添付された本件画像２は、本件ゲームソフトに登場するゲーム映像を切り取ったものに間違いありません。

以上

職務遂行に伴う誓約書

別紙1

2018 年　7 月　17 日

株式会社アトラス
代表取締役社長　野本　章　殿

本人氏名　野村　敦士　㊞
住　　所　東京都豊島区南大塚 3-34-8
　　　　　プレミアステージ大塚 505
生年月日　1980 年　5 月　2 日

私は、株式会社アトラス (以下「会社」と称します) の従業員として在職中、および退職の後においても、職務遂行に伴うまたは職務遂行により発生した下記の条項について承認し、遵守することを誓約いたします。

記

1．(発明等の開示義務)
　私は、私が考え出したすべてのアイディア、コンセプト、映像、デザイン、発明、考案、改良、ノウハウ、創作、著作等の知的活動の所産 (以下「発明等」と総称します) のうち、私が会社に在職中に、私の職務に関して単独または共同研究において為した発明等については、当該発明等が為された時および場所を問わず、または、その発明等が特許性その他の公的登録適格性を有するか否かにかかわらず、その一切を私の上司に、文書または口頭をもって、速やかかつ充分に開示し、報告いたします。

2．(職務に関する発明等における会社の権利)
　①私は、私が会社に在職中に為した私の職務に関する発明等 (会社に在職中に職務を変わった場合、転任前の職務に属する発明等を転任後にした場合等を含み、以下「職務発明等」と称します) については、特許、実用新案登録等一切の公的登録を受ける権利を会社に承継させ、登録出願、申請、譲渡、社外への開示、使用許諾、担保設定その他一切の処分を行いません。また、私は、職務発明等のうちで、私が会社に在職中に為した私の職務に関する著作 (以下「職務著作」と称します) の著作者及び著作権者が会社であること、ならびに、職務著作に関し、著作権及び著作者人格権の主張を行う権限がないことを了解しております。
　②私は、会社が承継すべき私の職務発明等について、会社が、特許出願、実用新案登録出願、意匠登録出願、商標登録出願、半導体集積回路の回路配置利用権設定登録申請、著作権に関する各種登録申請その他すべての国内および国外の公的機関への登録申請 (以下「特許出願等」と総称します) を自らを権利者としてその名において行うこと、特許出願等の有無に関わらず発生する無体財産権について権利者としての地位を日本国および外国で取得すること、当該職務発明等を独占的かつ自由に使用、支配または処分することに同意いたします。
　③私は、職務発明等の特許出願等にかかわる権利が雇用者ではなく現実に発明等を行った者のみを権利者として発生し、雇用者が当該権利を承継する事ができないとする法制を採る国においては、会社からの要求があり次第、私の名において行う職務発明等の特許出願等に必要な書類の提出及び署名等につき速やかに協力し、また、特許出願等の後、当該職務発明等にかかわる一切の権利が会社に承継されることに同意し、当該承継に必要な書類の提出及び署名等につき速やかに協力いたします。
　④私は、職務著作について、法定の要件を満たせば、法人が創作者になるとの法制を採る国において、法人の創作物に私の氏名または変名が表示される場合、当該表示が単に内部分担責任を明らかにするものであり、私に著作権又は著作者人格権を留保する意思がないことを確認いたします。

1

⑤私は、私の在職中、私が会社の業務範囲に属する発明等ではあるが自己の職務と無関係の発明等（以下「業務発明等」と称します）をした場合は、当該業務発明等についての特許、実用新案登録等一切の公的登録を受ける権利の取扱について、また、私の在職中、私が会社の業務範囲に属する著作等ではあるが自己の職務と無関係の著作をした場合は、当該著作物の著作権及び著作者人格権の取り扱いについて、会社の求めに応じて、会社と協議することに同意いたします。

⑥私は、私の在職中、私が会社の業務範囲に属しない発明等（以下「業務外発明等」と称します）をした場合は、当該業務外発明等の利用について、会社の求めに応じて、会社と協議することに同意いたします。

⑦私は、在職中および退職後において、会社から、発明等の権利化および権利の維持保全について手続き書類への署名・資料等の提出その他の協力を要求された場合、直ちに無償でこれに応ずることに同意いたします。

⑧私は、在職中および退職後において、私が在職中に為した全ての職務発明等に係る特許法３５条またはこれを準用する各法の定める相当の対価の支払いについて、下記の社内規則および細則が適用されることに同意いたします。
　(1) 従業員による発明等に対する補償規則
　(2) 出願並びに登録補償細則
　(3) 実績補償細則

3．（著作物の実演に対する会社の権利）
①私は、会社に在職中に、私の職務に関連して、業務命令に基づくと否とに拘らず、著作物を演劇的に演じ、舞い、演奏し、歌い、口演し、朗詠し、もしくはその他の方法により演じた「実演」（これらに類する行為で、著作物を演じないが芸能的な性質を有するものを含みます）またはそれを固定した録音・録画物がある場合、その一切を私の上司に、文書または口頭をもって、速やかかつ充分に開示し、報告いたします。

②私は、前項の実演に対する実演家の権利は、別段の意思表示を要することなく、全て実演の時点で会社に譲渡されたものとされることに同意いたします。また、当該譲渡の対価は、会社から私に対して当該実演がなされた時期に支払われる通常の給与に含まれるものであって、特別の給与・手当または別段の対価（名目の如何を問いません）を生ずるものではないことを確認いたします。

③私は、法人の創作物に私の氏名または変名が実演家として表示される場合、当該表示が単に内部分担責任を明らかにするものであり、対外的な実演家の権利の表示を意味するものでないことを確認いたします。

4．（氏名、肖像の掲載に対する会社の権利）
私は、私がその制作に関与した会社の商品中に、会社の判断により私の氏名（実名かどうかを問いません）または／および肖像（以下「氏名等」と総称します）が表示される場合があること、ならびに、かかる氏名等の使用に対し異議を述べません。

5．（会社秘密の保持義務および不正使用の禁止）
①私は、会社において秘密として管理されている次の各号に例示される会社の営業上および技術上の情報（以下「会社の秘密情報」と称します）について、在職中および退職後において、秘密を保持し、事前に会社の承認を得ることなしに第三者に開示・漏洩いたしません。
　(1) 商品の製造技術、設計に関する情報
　(2) 商品の企画制作、実験データ等に関する情報
　(3) 商品・サービスのネーミングに関する情報
　(4) 発明等に関する情報
　(5) 実演、研究の過程で使用する機械、道具、資料、図面等に関する情報
　(6) その他会社が特に秘密保持対象として指定した情報

2

②私は、会社の秘密情報を、そのままで、または改変、切除、翻案、補足する等して完成させ、私または第三者の名義で国内または海外において当該秘密情報につき特許、実用新案登録等一切の公的登録の申請等を行いません。

③私は、自らまたは第三者をして、会社の秘密情報をそのまま商品にしたり、または改変、切除、翻案、補足する等して商品として完成させ、それらの商品を製造し、第三者に対して販売、頒布、その他の処分を行いません。

④私は、私が職務上保管・管理していた会社の秘密情報に関連する資料は会社を退職する際にはそれらのコピーを含めすべて返還または会社の指示に従い廃棄します。

⑤私は、会社を退職後、就職・出向・嘱託・顧問・請負その他形態の如何を問わず、会社と競業関係に立つ企業の業務に関与し、または会社と競業関係に立つ事業を自ら営む場合は、私が在職中に会社より得た非公知の情報を一切使用いたしません。

６．（誓約の範囲）
私は、本誓約書は、会社の業務についてのみでなく、私の在職中に会社と関係のあった承継会社、子会社・関係会社・親会社等のグループ会社、顧客および供給者の業務についても、会社と当該会社、顧客または供給者との間に別段の契約がある場合を除いて適用されることに同意します。

７．（責任）
本誓約書の誓約事項に違反し、または本誓約書前条の記載内容が事実と相違したことにより会社が損害を被った場合は、これを賠償いたします。

８．（雇用契約の契約事項の一部）
上記契約事項は、私と会社との雇用契約の一部をなすものであり、私自身、保証人、相続人、および法定代理人を拘束するものであることを諒解しております。

以　上

別紙2

■ゲーム起動～本件画像２まで

＞ 起動スプラッシュ画面



＞ 違法ダウンロード警告画面



＞ 光過敏警告画面



＞ アトラスロゴ



＞ P-STUDIOロゴ



＞ OPアニメーションムービー



＞ 本編タイトル画面



＞ ダウンロードコンテンツタイトル画面



■ダウンロードコンテンツ STORY開始〜本件画像２が含まれるイベントムービーまで

＞ ネームエントリー画面



＞ フィクション警告画面



＞ ダウンロードコンテンツシナリオ導入会話イベント開始



＞ 異世界に巻き込まれるイベントムービー



＞　異世界導入イベント



＞　チュートリアル戦闘を1戦行う



＞　戦闘終了後会話イベント



＞ 本件画像２のイベントムービー開始



＞ 本件画像２



# Exhibit  C

甲第 12 号証

Plaintiff Exhibit No. 12

陳述書

Written Statement

令和 5 年 10 月 12 日

October 12, 2023

住所：東京都千代田区神田錦町 2-1-5 マストライフ神田錦町 805

Address: 805 Mast Life Kanda Nishiki-cho, 2-1-5 Kanda Nishiki-cho, Chiyoda-ku, Tokyo, Japan

所属・役職：株式会社アトラス　コンシューマーソフトウェア局クリエイティブ部　第二プロダクション

Affiliation / Position: ATLUS. CO., LTD, Consumer Software Department

Creative Division, No. 2 Production

氏名：野村敦士

Name: Atsushi Nomura

1.　はじめに

私は株式会社アトラスの従業員であり、「ペルソナ 5　タクティカ」（以下「本件ゲームソフト」といいます。）のプロデューサー（本件ゲームソフト開発の責任者）です。株式会社セガが X Corp.社を相手方として提出した令和 5 年 8 月 31 日付け発信者情報開示命令申立書、及び同日付け発信者情報開示命令等申立書（以下「本件各申立書」

といいます。）における本件投稿１及び本件投稿２について、以下のとおり偽りなく陳述いたします。

I am an employee of ATLUS. CO., LTD and serve as the producer (person in charge of the development of the game software in question) of "Persona 5 Tactica" (hereinafter referred to as "the Game Software"). With respect to Posting 1 and Posting 2 in the Petition for Order to Disclose Sender Information dated August 31, 2023, and the Petition for Disclosure of Sender Information and Related Orders dated the same date (hereinafter referred to as "the Petitions"), filed by Sega Corporation against X Corp, I hereby state without any misrepresentation as follows.


2.　本件投稿１について
　　Regarding Posting 1

　本件各申立書記載の本件設定資料（疎甲第 10 号証及び甲第 10 号証）は本件ゲームソフトの開発に当たって作成されたダウンロードコンテンツ（ゲーム本体とは別に販売する追加コンテンツ）に関する設定資料であり、私が令和 5 年 4 月〜5 月頃に作成したものに間違いございません。

The setting materials of (Documentary Evidence # Sogo-10 and Ko-10) described in the Petitions are setting materials for downloadable content (additional content sold separately from the main game) created in the development of the Game Software, and I am certain that I created them in April or May 2023.

　そして本件設定資料は、本件ゲームソフトの開発にあたり、株式会社アトラスの発意に基づき、私が職務上作成した著作物となりますが、私が押印した別紙 1 「職務遂行に伴う誓約書」に記載されているところにしたがって、私が会社に在職中に為した私の職務に関する著作の著作権者は株式会社アトラスになります。

The setting materials in this case are copyrighted works that I created in the course of my duties initiated at Atlus Co., Ltd. while developing the Game Software.  As stated in the attached Exhibit 1 " Duty Performance Oath" that I signed, the copyright holder of the works related to duties I performed during my employment at the company is Atlus Co., Ltd.

2

その後、株式会社アトラスに帰属した本件設定資料に関する著作権は、同社と株式会社セガとの間で締結された平成２６年４月１日付け業務委託基本契約書（疎甲第 8 号証及び甲第 8 号証）及び令和４年５月３１日付個別契約書（疎甲第 9 号証及び甲第 9 号証）に基づき、株式会社セガに移転しており、現在の本件設定資料の著作権者は株式会社セガであると認識しております。

Subsequently, the copyright pertaining to the setting materials that were the property of Atlus Co., Ltd. was transferred to Sega Corporation based on the Basic Contract for Commissioned Work dated April 1, 2014 (Documentary Evidence # Sogo-8 and Ko-8) and the Individual Contract dated May 31, 2022 (Documentary Evidence # Sogo-9 and Ko-9) entered between the two companies. Therefore, I acknowledge that Sega Corporation is currently the copyright holder of the setting materials in question.

3. 本件投稿２について
   Regarding Posting 2

別紙２は、本件ゲームソフトにダウンロードコンテンツを追加した場合に、本件ゲームソフトの起動時に、本件各申立書記載の本件画像２が表示されるまでの流れを示したものです。そして、別紙２のとおり、本件画像２が本件ゲームソフトに含まれる映像の一画面として登場することが分かります。
そのため本件投稿２に添付された本件画像２は本件ゲームソフトに登場するゲーム映像を切り取ったものに間違いありません。

Exhibit 2 shows how Image 2 described in each of the Petitions will appear when the Game Software is launched after adding the downloadable content to the Game Software in question. And as shown in Exhibit 2, you can see that Image 2 appears on screen as one of the images included in the Game Software.

Therefore, there is no doubt that Image 2 attached to Posting 2 is a cutout of the game image that appears in the game software.

以上
The End

3

# Exhibit D

令和５年（発チ）第１０３３０号発信者情報開示命令申立事件

決　　　定

東京都品川区西品川一丁目１番１号住友不動産大崎ガーデンタワー

申　　立　　人　　　株式会社セガ

同代表者代表取締役　　杉　野　行　雄

同代理人弁護士　　　　佐　藤　力　哉

同　　　　　　　　　　呉　竹　　　辰

同　　　　　　　　　　佐　藤　　　寛

アメリカ合衆国８９７０１、ネバダ州、カーソン・シティ、サウス・カー

ソン・ストリート７０１、ＳＴＥ２００

相　　手　　方　　　Ｘ　Ｃｏｒｐ．

日本における代表者　　多　田　光　毅

主　　　文

１　相手方は、申立人に対し、別紙発信者情報目録記載の各情報を開示

　　せよ。

２　手続費用は各自の負担とする。

理由の要旨

　一件記録によれば、申立ての原因事実はいずれも認められる。

　よって、本件申立ては理由があるから、これを認容することとして、

主文のとおり決定する。

令和５年１１月６日

東京地方裁判所民事第４６部

裁判官　　仲　田　憲　史

これは正本である。

令和５年１１月６日

東京地方裁判所民事第４６部

裁判所書記官　布　施　明　子



1

別紙

発信者情報目録

1　アカウント情報

　　スクリーンネーム「@MbKKssTBhz5」のアカウントに関する以下の各情報

　（1）電話番号

　（2）電子メールアドレス


2　侵害関連通信に関する情報

　　　上記スクリーンネームのアカウントにログインするために行った識別符号その他の符号の電気通信による送信であって、相手方が保有するもののうち別紙投稿記事目録記載投稿1及び2の各投稿と最も時間的に近接するものに係るIPアドレス及びタイムスタンプ

以上

別紙

投稿記事目録

1　投稿日時：２０２３年６月２１日　午後１１時３８分

　　投稿内容：「Here is your look at Akechi and Kasumi. They'll be in Per

　　　　　　　sona 5 Tactica as DLC in "Repaint Your Heart." #p5t」

　　　　　　　※本件画像１が添付されている。

　　スクリーンショット：



　　閲覧用ＵＲＬ：https://twitter.com/mbkksstbhz5/status/1671528040050962434?s=46&t=tYn6ufaSK5hI9doxG6oWnQ

2　投稿日時：２０２３年８月４日午後０時５６分

投稿内容：「Now confirmed by Atlus in the PV#02.」

　　　　※本件画像２が添付されている。

スクリーンショット：



閲覧用ＵＲＬ：https://twitter.com/mbkksstbhz5/status/16873115523978608
65?s=12&t=HYEjJxYJepighJHGtOoOQw

以上

# Exhibit E

ユーザー名
@MbKKssTBhz5

電話番号
保有せず

電子メールアドレス
gallop_octagon0l@icloud.com

ログイン時 IP アドレス
   "ipAudit" : {
      "accountId" : "1579665173610201090",
      "createdAt" : "2023-09-05T14:00:38.000Z",
      "loginIp" : "108.232.86.102",

※決定に記載のツイートは 2 個ありますが、いずれのツイートについても時間的に最も近接した情報は上記のものになります。

※時刻の表示は UTC 表示になります。

# Exhibit F

ユーザー名  username

@MbKKssTBhz5

電話番号        Phone number

保有せず        not in possession

電子メールアドレス        E-Mail Address

gallop_octagon0l@icloud.com

ログイン時 IP アドレス        IP address at login

    "ipAudit" : {
        "accountId" : "1579665173610201090",
        "createdAt" : "2023-09-05T14:00:38.000Z",
        "loginIp" : "108.232.86.102",

※決定に記載のツイートは２個ありますが、いずれのツイートについても時間的に最も近接した情報は上記のものになります。

The decision refers to two tweets, but the most recent information regarding either tweet will be as stated above.

※時刻の表示は UTC 表示になります。

Time is displayed in UTC.

# Exhibit G

# ARIN Whois/RDAP

108.232.86.102 | Search

» Search www.arin.net instead

▸ Search Filter: **Automatic**

all requests subject to terms of use

### "108.232.86.102"

## Network: NET-108-192-0-0-1

**Source Registry**
ARIN

**Net Range**
108.192.0.0 - 108.255.255.255

**CIDR**
108.192.0.0/10

**Name**
SBCIS-SBIS

**Handle**
NET-108-192-0-0-1

**Parent**
NET-108-0-0-0-0

**Net Type**
DIRECT ALLOCATION

**Origin AS**
AS7132

**Registration**
Wed, 12 Jan 2011 17:55:07 GMT (Thu Jan 13 2011 local time)

**Last Changed**
Thu, 19 Jul 2018 23:35:06 GMT (Fri Jul 20 2018 local time)

**Self**

https://rdap.arin.net/registry/ip/108.192.0.0

**Alternate**

https://whois.arin.net/rest/net/NET-108-192-0-0-1

**Port 43 Whois**

whois.arin.net

---

**Related Entities**

▼ 1 Entity

**Source Registry**

ARIN

**Kind**

Org

**Full Name**

AT&T Corp.

**Handle**

AC-3280

**Address**

7277 164th Ave NE

Attn: IP Management

Redmond

WA

98052

United States

**Roles**

Registrant

**Registration**

Mon, 05 Mar 2018 15:55:53 GMT (Tue Mar 06 2018 local time)

**Last Changed**

Sat, 26 Jun 2021 21:07:12 GMT (Sun Jun 27 2021 local time)

**Comments**

For policy abuse issues contact abuse@att.net

For all subpoena, Internet, court order related matters and emergency requests contact

11760 US Highway 1

North Palm Beach, FL 33408

Main Number: 800-635-6840

Fax: 888-938-4715

**Self**

https://rdap.arin.net/registry/entity/AC-3280

**Alternate**

https://whois.arin.net/rest/org/AC-3280

**Port 43 Whois**

whois.arin.net

---

**Related Entities**

🔻 2 Entities

**Source Registry**

ARIN

**Kind**

Group

**Full Name**

IPAdmin-ATT Internet Services

**Handle**

ZS44-ARIN

**Email**

ipadmin@semail.att.com

**Email**

ipadmin@att.com

**Telephone**

+1-888-510-5545

**Organization**

IPAdmin-ATT Internet Services

**Address**

7277 164th Ave NE
Attn: IP Management
Redmond
WA
98052
United States

**Roles**

Technical, Administrative

**Registration**

Wed, 17 May 2000 20:09:19 GMT (Thu May 18 2000 local time)

**Last Changed**
Fri, 07 Jul 2023 15:45:04 GMT (Sat Jul 08 2023 local time)

**Comments**
For policy abuse issues contact: abuse@att.net

For all Legal Inquiries contact:

AT&T National Compliance Center

11760 US Hwy 1, Suite 600

North Palm Beach, FL 33408

Phone: 1-800-635-6840

Fax: 1-888-938-4715]

Email: compcent@att.com

**Self**
https://rdap.arin.net/registry/entity/ZS44-ARIN

**Alternate**
https://whois.arin.net/rest/poc/ZS44-ARIN

**Port 43 Whois**
whois.arin.net

**Source Registry**
ARIN

**Kind**
Group

**Full Name**
abuse

**Handle**
ABUSE7-ARIN

**Email**
abuse@att.net

**Telephone**
+1-919-319-8167

**Organization**
abuse

**Address**
2701 W 15th ST
Plano

TX
75075
United States

**Roles**
Abuse

**Registration**
Sat, 24 Aug 2002 12:22:47 GMT (Sat Aug 24 2002 local time)

**Last Changed**
Thu, 08 Mar 2018 16:51:58 GMT (Fri Mar 09 2018 local time)

**Comments**
Contact abuse@att.net for all policy abuse issues.

**Unvalidated POC**
ARIN has attempted to validate the data for this POC, but has received no response from the POC since 2019-03-08

**Self**
https://rdap.arin.net/registry/entity/ABUSE7-ARIN

**Alternate**
https://whois.arin.net/rest/poc/ABUSE7-ARIN

**Port 43 Whois**
whois.arin.net

**Terms of Service**
By using the ARIN RDAP/Whois service, you are agreeing to the RDAP/Whois Terms of Use
https://www.arin.net/resources/registry/whois/tou/

**Whois Inaccuracy Reporting**
If you see inaccuracies in the results, please visit:
https://www.arin.net/resources/registry/whois/inaccuracy_reporting/

**Copyright Notice**
Copyright 1997-2023, American Registry for Internet Numbers, Ltd.

# Exhibit H



## APPLE INC. (806592)

Request Certificate

| | |
|---|---|
| Initial Filing Date | 01/03/1977 |
| Status | Active |
| Standing - SOS | Good |
| Standing - FTB | Good |
| Standing - Agent | Good |
| Standing - VCFCF | Good |
| Formed In | CALIFORNIA |
| Entity Type | Stock Corporation - CA - General |
| Principal Address | ONE APPLE PARK WAY CUPERTINO, CA 95014 |
| Mailing Address | ONE APPLE PARK WAY CUPERTINO,CA95014 |
| ⊗ Statement of Info Due Date | 01/31/2024 |
| Agent | 1505 Corporation C T CORPORATION SYSTEM |
| CA Registered Corporate (1505) Agent Authorized Employee(s) | AMANDA GARCIA 330 N BRAND BLVD, GLENDALE, CA |
| | GABRIELA SANCHEZ 330 N BRAND BLVD, GLENDALE, CA |
| | DAISY MONTENEGRO 330 N BRAND BLVD, GLENDALE, CA |
| | BEATRICE CASAREZ-BARRIENTEZ 330 N BRAND BLVD, GLENDALE, CA |
| | JESSIE GASTELUM 330 N BRAND BLVD, GLENDALE, CA |
| | JOHN MONTIJO 330 N BRAND BLVD, GLENDALE, CA |
| | DIANA RUIZ 330 N BRAND BLVD, GLENDALE, CA |
| | SARAI MARIN 330 N BRAND BLVD, GLENDALE, CA |
| | EMANUEL JACOBO 330 N BRAND BLVD, GLENDALE, CA |
| | GLADYS AGUILERA 330 N BRAND BLVD, GLENDALE, CA |
| | VIVIAN IMPERIAL 330 N BRAND BLVD, GLENDALE, CA |
| | CARLOS PAZ 330 N BRAND BLVD, GLENDALE, CA |