Gamma Law, P.C.
Duy Thai, SBN 157345
Kenneth J. MacArthur SBN 175906
One Sansome Street, Suite 3500
San Francisco, California 94104
Tel.: 415.296.9927
Fax: 415.901.0512

Attorneys for Applicant
Sega Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

*In re Ex Parte* Application of

Sega Corporation,

        Applicant.

        .

Case No.:

**DECLARATION OF FUKUKO KITANO IN SUPPORT OF *EX PARTE* APPLICATION OF SEGA CORPORATION**

1    I, Fukuko Kitano, declare as follows:

2    1.    I am more than 18 years of age, am competent to testify on the matters

3    stated in this declaration, and, except as may be otherwise stated in this declaration, have

4    personal knowledge of the matters stated in this declaration.

5    2.    I am qualified to translate from the Japanese language to the English

6    language because I can read, write, and understand both the English language and

7    Japanese language fluently.

8    3.    I submit this declaration in support of Sega Corporation's Ex Parte

9    Application for an Order Pursuant to 28 U.S.C. § 1782 Authorizing Discovery for Use in

10   Foreign Proceedings.

11   4.    Attached hereto as Exhibit A is a Statement that: (a) I understand was filed

12   in a Japanese Court on behalf of Sega Corporation in support of its application for an

13   order for discovery from X concerning identifying information for an account on X that

14   posted Sega material on X; and (b) is a true and correct copy of the document attached as

15   Exhibit B to the concurrently filed Declaration of Rikiya Sato.

16   5.    Attached hereto as Exhibit B is a document that I created, containing the

17   Japanese text from the first two pages of Exhibit A hereto, along with my true and correct

18   translation of that Japanese text to English.

19   6.    Attached hereto as Exhibit C is a document that: (a) I understand was the

20   information produced by X about the account at issue; and (b) is a true and copy of the

21   document attached as Exhibit D to the concurrently filed Declaration of Rikiya Sato.

22   7.    Attached hereto as Exhibit D is a document that I created, containing the

23   Japanese text from Exhibit C hereto, along with my true and correct translation of that

24   //

25   //

26   //

27

28   Declaration of Fukuko Kitano

2

1   Japanese text to English.

2        8.     I declare under penalty of perjury under the laws of the United States of

3   America that the foregoing is true and correct, and that this Declaration was executed on

4   May 24, 2024.

5

6                                     Fukuko Kitano

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   Declaration of Fukuko Kitano

3

# Exhibit A

甲第12号証

陳　述　書

令和５年１０月１２日

住所：東京都千代田区神田錦町２-１-５ マストライフ神田錦町805
所属・役職：株式会社アトラス コンシューマソフトウェア局
クリエイティブ部 第二プロダクション
氏名：
野村　教工

1　はじめに

　私は、株式会社アトラスの従業員であり、「ペルソナ５　タクティカ」（以下「本
件ゲームソフト」といいます。）のプロデューサー（本件ゲームソフト開発の責
任者）です。株式会社セガがＸ　Ｃｏｒｐ．社を相手方として提出した令和５年
８月３１日付け発信者情報開示命令申立書、及び同日付け発信者情報開示命令
等申立書（以下「本件各申立書」といいます。）における本件投稿１及び本件投
稿２について、以下のとおり偽りなく陳述いたします。

2　本件投稿１について

　本件各申立書記載の本件設定資料（疎甲第１０号証及び甲第１０号証）は、本
件ゲームソフトの開発に当たって作成されたダウンロードコンテンツ（ゲーム
本体とは別に販売する追加コンテンツ）に関する設定資料であり、私が令和５年
４月〜５月頃に作成したものに間違いございません。

　そして、本件設定資料は、本件ゲームソフトの開発にあたり、株式会社アトラ
スの発意に基づき、私が職務上作成した著作物となりますが、私が押印した別紙

1

1「職務遂行に伴う誓約書」に記載されているところにしたがって、私が会社に在職中に為した私の職務に関する著作の著作権者は株式会社アトラスになります。

　その後、株式会社アトラスに帰属した本件設定資料に関する著作権は、同社と株式会社セガとの間で締結された平成２６年４月１日付け業務委託基本契約書（疎甲第８号証及び甲第８号証）及び令和４年５月３１日付個別契約書（疎甲第９号証及び甲第９号証）に基づき、株式会社セガに移転しており、現在の本件設定資料の著作権者は株式会社セガであると認識しております。

３　本件投稿２について

　別紙２は、本件ゲームソフトにダウンロードコンテンツを追加した場合に、本件ゲームソフトの起動時に、本件各申立書記載の本件画像２が表示されるまでの流れを示したものです。そして、別紙２のとおり、本件画像２が本件ゲームソフトに含まれる映像の一画面として登場することが分かります。

　そのため、本件投稿２に添付された本件画像２は、本件ゲームソフトに登場するゲーム映像を切り取ったものに間違いありません。

以上

職務遂行に伴う誓約書

別紙1

2018年　7月　17日

株式会社アトラス
代表取締役社長　野本　章　殿

本人氏名　野村　敦士　印
住　　所　東京都豊島区南大塚3-34-8
プレミアステージ大塚505
生年月日　1980年　5月　2日

私は、株式会社アトラス（以下「会社」と称します）の従業員として在職中、および退職の後においても、職務遂行に伴うまたは職務遂行により発生した下記の条項について承認し、遵守することを誓約いたします。

記

1．（発明等の開示義務）
　私は、私が考え出したすべてのアイディア、コンセプト、映像、デザイン、発明、考案、改良、ノウハウ、創作、著作等の知的活動の所産（以下「発明等」と総称します）のうち、私が会社に在職中に、私の職務に関して単独または共同研究において為した発明等については、当該発明等が為された時および場所を問わず、または、その発明等が特許性その他の公的登録適格性を有するか否かにかかわらず、その一切を私の上司に、文書または口頭をもって、遅やかかつ充分に開示し、報告いたします。

2．（職務に関する発明等における会社の権利）
　①私は、私が会社に在職中に為した私の職務に関する発明等（会社に在職中に職務を変わった場合、転任前の職務に属する発明等を転任後にした場合等を含み、以下「職務発明等」と称します）については、特許、実用新案登録等一切の公的登録を受ける権利を会社に承継させ、登録出願、申請、譲渡、社外への開示、使用許諾、担保設定その他一切の処分を行いません。また、私は、職務発明等のうちで、私が会社に在職中に為した私の職務に関する著作（以下「職務著作」と称します）の著作者及び著作権者が会社であること、ならびに、職務著作に関し、著作権及び著作者人格権の主張を行う権限がないことを了解しております。
　②私は、会社が承継すべき私の職務発明等について、会社が、特許出願、実用新案登録出願、意匠登録出願、商標登録出願、半導体集積回路の回路配置利用権設定登録申請、著作権に関する各種登録申請その他すべての国内および国外の公的機関への登録申請（以下「特許出願等」と総称します）を自らを権利者としてその名において行うこと、特許出願等の有無に関わらず発生する無体財産権について権利者としての地位を日本国および外国で取得すること、当該職務発明等を独占的かつ自由に使用、支配または処分することに同意いたします。
　③私は、職務発明等の特許出願等にかかわる権利が雇用者ではなく現実に発明等を行った者のみを権利者として発生し、雇用者が当該権利を承継する事ができないとする法制を採る国においては、会社からの要求があり次第、私の名において行う職務発明等の特許出願等に必要な書類の提出及び署名等つき速やかに協力し、また、特許出願等の後、当該職務発明等にかかわる一切の権利が会社に承継されることに同意し、当該承継に必要な書類の提出及び署名等につき速やかに協力いたします。
　④私は、職務著作について、法定の要件を満たせば、法人が創作者になるとの法制を採る国において、法人の創作物に私の氏名または変名が表示される場合、当該表示が単に内部分担責任を明らかにするものであり、私に著作権又は著作者人格権を留保する意思がないことを確認いたします。

1

⑤私は、私の在職中、私が会社の業務範囲に属する発明等ではあるが自己の職務と無関係の発明等（以下「業務発明等」と称します）をした場合は、当該業務発明等についての特許、実用新案登録等一切の公的登録を受ける権利の取扱について、また、私の在職中、私が会社の業務範囲に属する著作等ではあるが自己の職務と無関係の著作をした場合は、当該著作物の著作権及び著作者人格権の取り扱いについて、会社の求めに応じて、会社と協議することに同意いたします。

⑥私は、私の在職中、私が会社の業務範囲に属しない発明等（以下「業務外発明等」と称します）をした場合は、当該業務外発明等の利用について、会社の求めに応じて、会社と協議することに同意いたします。

⑦私は、在職中および退職後において、会社から、発明等の権利化および権利の維持保全について手続き書類への署名・資料等の提出その他の協力を要求された場合、直ちに無償でこれに応ずることに同意します。

⑧私は、在職中および退職後において、私が在職中に為した全ての職務発明等に係る特許法３５条またはこれを準用する各法の定める相当の対価の支払いについて、下記の社内規則および細則が適用されることに同意いたします。
   (1) 従業員による発明等に対する補償規則
   (2) 出願並びに登録補償細則
   (3) 実績補償細則

3．（著作物の実演に対する会社の権利）
①私は、会社に在職中に、私の職務に関連して、業務命令に基づくと否とに拘らず、著作物を演劇的に演じ、舞い、演奏し、歌い、口演し、朗詠し、もしくはその他の方法により演じた「実演」（これらに類する行為で、著作物を演じないが芸能的な性質を有するものを含みます）またはそれを固定した録音・録画物がある場合、その一切を私の上司に、文書または口頭をもって、速やかかつ充分に開示し、報告いたします。

②私は、前項の実演に対する実演家の権利は、別段の意思表示を要することなく、全て実演の時点で会社に譲渡されたものとされることに同意いたします。また、当該譲渡の対価は、会社から私に対して当該実演がなされた時期に支払われる通常の給与に含まれるものであって、特別の給与・手当または別段の対価（名目の如何を問いません）を生ずるものではないことを確認いたします。

③私は、法人の創作物に私の氏名または変名が実演家として表示される場合、当該表示が単に内部分担責任を明らかにするものであり、対外的な実演家の権利の表示を意味するものでないことを確認いたします。

4．（氏名、肖像の掲載に対する会社の権利）
私は、私がその制作に関与した会社の商品中に、会社の判断により私の氏名（実名かどうかを問いません）または／および肖像（以下「氏名等」と総称します）が表示される場合があること、ならびに、かかる氏名等の使用に対し異議を述べません。

5．（会社秘密の保持義務および不正使用の禁止）
①私は、会社において秘密として管理されている次の各号に例示される会社の営業上および技術上の情報（以下「会社の秘密情報」と称します）について、在職中および退職後において、秘密を保持し、事前に会社の承認を得ることなしに第三者に開示・漏洩いたしません。
   (1) 商品の製造技術、設計に関する情報
   (2) 商品の企画制作、実験データ等に関する情報
   (3) 商品・サービスのネーミングに関する情報
   (4) 発明等に関する情報
   (5) 実演、研究の過程で使用する機械、道具、資料、図面等に関する情報
   (6) その他会社が特に秘密保持対象として指定した情報

2

②私は、会社の秘密情報を、そのままで、または改変、切除、翻案、補足する等して完成させ、私または第三者の名義で国内または海外において当該秘密情報につき特許、実用新案登録等一切の公的登録の申請等を行いません。

③私は、自らまたは第三者をして、会社の秘密情報をそのまま商品にしたり、または改変、切除、翻案、補足する等して商品として完成させ、それらの商品を製造し、第三者に対して販売、頒布、その他の処分を行いません。

④私は、私が職務上保管・管理していた会社の秘密情報に関連する資料は会社を退職する際にはそれらのコピーを含めすべて返還または会社の指示に従い廃棄します。

⑤私は、会社を退職後、就職・出向・嘱託・顧問・請負その他形態の如何を問わず、会社と競業関係に立つ企業の業務に関与し、または会社と競業関係に立つ事業を自ら営む場合は、私が在職中に会社より得た非公知の情報を一切使用いたしません。

６．（誓約の範囲）
私は、本誓約書は、会社の業務についてのみでなく、私の在職中に会社と関係のあった承継会社、子会社・関係会社・親会社等のグループ会社、顧客および供給者の業務についても、会社と当該会社、顧客または供給者との間に別段の契約がある場合を除いて適用されることに同意します。

７．（責任）
本誓約書の誓約事項に違反し、または本誓約書前条の記載内容が事実と相違したことにより会社が損害を被った場合は、これを賠償いたします。

８．（雇用契約の契約事項の一部）
上記契約事項は、私と会社との雇用契約の一部をなすものであり、私自身、保証人、相続人、および法定代理人を拘束するものであることを諒解しております。

以　上

3

別紙2

■ゲーム起動～本件画像２まで

＞　起動スプラッシュ画面



＞　違法ダウンロード警告画面



＞　光過敏警告画面



＞ アトラスロゴ



＞ P-STUDIOロゴ



＞ OPアニメーションムービー



＞ 本編タイトル画面



＞ ダウンロードコンテンツタイトル画面



■ ダウンロードコンテンツ STORY開始〜本件画像２が含まれるイベントムービーまで

＞ ネームエントリー画面



> フィクション警告画面



> ダウンロードコンテンツシナリオ導入会話イベント開始



> 異世界に巻き込まれるイベントムービー



＞ 異世界導入イベント



＞ チュートリアル戦闘を1戦行う



＞ 戦闘終了後会話イベント



> 本件画像２のイベントムービー開始



> 本件画像２



# Exhibit B

甲第 12 号証

Plaintiff Exhibit No. 12

陳述書

Written Statement

令和 5 年 10 月 12 日

October 12, 2023

住所：東京都千代田区神田錦町 2-1-5 マストライフ神田錦町 805

Address: 805 Mast Life Kanda Nishiki-cho, 2-1-5 Kanda Nishiki-cho, Chiyoda-ku, Tokyo, Japan

所属・役職：株式会社アトラス　コンシューマーソフトウェア局クリエイティブ部　第二プロダクション

Affiliation / Position: ATLUS. CO., LTD, Consumer Software Department

Creative Division, No. 2 Production

氏名：野村敦士

Name: Atsushi Nomura

1. はじめに

私は株式会社アトラスの従業員であり、「ペルソナ 5　タクティカ」（以下「本件ゲームソフト」といいます。）のプロデューサー（本件ゲームソフト開発の責任者）です。株式会社セガが X Corp.社を相手方として提出した令和 5 年 8 月 31 日付け発信者情報開示命令申立書、及び同日付け発信者情報開示命令等申立書（以下「本件各申立書」

といいます。）における本件投稿１及び本件投稿２について、以下のとおり偽りなく
陳述いたします。

I am an employee of ATLUS. CO., LTD and serve as the producer (person in charge of the development of the game software in question) of "Persona 5 Tactica" (hereinafter referred to as "the Game Software"). With respect to Posting 1 and Posting 2 in the Petition for Order to Disclose Sender Information dated August 31, 2023, and the Petition for Disclosure of Sender Information and Related Orders dated the same date (hereinafter referred to as "the Petitions"), filed by Sega Corporation against X Corp, I hereby state without any misrepresentation as follows.


2. 本件投稿１について
   Regarding Posting 1

　本件各申立書記載の本件設定資料（疎甲第 10 号証及び甲第 10 号証）は本件ゲーム
ソフトの開発に当たって作成されたダウンロードコンテンツ（ゲーム本体とは別に販売
する追加コンテンツ）に関する設定資料であり、私が令和 5 年 4 月〜 5 月頃に作成し
たものに間違いございません。

　The setting materials of (Documentary Evidence # Sogo-10 and Ko-10) described in the Petitions are setting materials for downloadable content (additional content sold separately from the main game) created in the development of the Game Software, and I am certain that I created them in April or May 2023.

　そして本件設定資料は、本件ゲームソフトの開発にあたり、株式会社アトラスの発
意に基づき、私が職務上作成した著作物となりますが、私が押印した別紙 1 「職務遂行
に伴う誓約書」に記載されているところにしたがって、私が会社に在職中に為した私の
職務に関する著作の著作権者は株式会社アトラスになります。

　The setting materials in this case are copyrighted works that I created in the course of my duties initiated at Atlus Co., Ltd. while developing the Game Software.  As stated in the attached Exhibit 1 " Duty Performance Oath" that I signed, the copyright holder of the works related to duties I performed during my employment at the company is Atlus Co., Ltd.

2

その後、株式会社アトラスに帰属した本件設定資料に関する著作権は、同社と株式会社セガとの間で締結された平成２６年４月１日付け業務委託基本契約書（疎甲第 8 号証及び甲第 8 号証）及び令和４年５月３１日付個別契約書（疎甲第 9 号証及び甲第 9 号証）に基づき、株式会社セガに移転しており、現在の本件設定資料の著作権者は株式会社セガであると認識しております。

Subsequently, the copyright pertaining to the setting materials that were the property of Atlus Co., Ltd. was transferred to Sega Corporation based on the Basic Contract for Commissioned Work dated April 1, 2014 (Documentary Evidence # Sogo-8 and Ko-8) and the Individual Contract dated May 31, 2022 (Documentary Evidence # Sogo-9 and Ko-9) entered between the two companies. Therefore, I acknowledge that Sega Corporation is currently the copyright holder of the setting materials in question.

3. 本件投稿２について
    Regarding Posting 2

別紙２は、本件ゲームソフトにダウンロードコンテンツを追加した場合に、本件ゲームソフトの起動時に、本件各申立書記載の本件画像２が表示されるまでの流れを示したものです。そして、別紙２のとおり、本件画像２が本件ゲームソフトに含まれる映像の一画面として登場することが分かります。
そのため本件投稿２に添付された本件画像２は本件ゲームソフトに登場するゲーム映像を切り取ったものに間違いありません。

Exhibit 2 shows how Image 2 described in each of the Petitions will appear when the Game Software is launched after adding the downloadable content to the Game Software in question. And as shown in Exhibit 2, you can see that Image 2 appears on screen as one of the images included in the Game Software.

Therefore, there is no doubt that Image 2 attached to Posting 2 is a cutout of the game image that appears in the game software.

以上
The End

3

Exhibit C

ユーザー名
@MbKKssTBhz5


電話番号
保有せず

電子メールアドレス
gallop_octagon0l@icloud.com

ログイン時 IP アドレス
　　"ipAudit" : {
　　　　"accountId" : "1579665173610201090",
　　　　"createdAt" : "2023-09-05T14:00:38.000Z",
　　　　"loginIp" : "108.232.86.102",

※決定に記載のツイートは 2 個ありますが、いずれのツイートについても時間的に最も近接した情報は上記のものになります。

※時刻の表示は UTC 表示になります。

# Exhibit D

ユーザー名　username

@MbKKssTBhz5

電話番号　　　　　Phone number

保有せず　　　　　not in possession

電子メールアドレス　　　E-Mail Address

gallop_octagon0l@icloud.com

ログイン時 IP アドレス　　　IP address at login

```
"ipAudit" : {
    "accountId" : "1579665173610201090",
    "createdAt" : "2023-09-05T14:00:38.000Z",
    "loginIp" : "108.232.86.102",
```

※決定に記載のツイートは２個ありますが、いずれのツイートについても時間的に最も近接した情報は上記のものになります。

The decision refers to two tweets, but the most recent information regarding either tweet will be as stated above.

※時刻の表示は UTC 表示になります。

Time is displayed in UTC.